IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ARROWPAC INCORPORATED, et al., <br><br>                        Plaintiffs, <br> v. <br><br> SEA STAR LINE, LLC, et al., <br><br>                    Defendants. | Case No. 3:12-cv-1180-TJC-32JBT |
| MONDELÉZ-INTERNATIONAL, INC. et al., <br><br>                        Plaintiffs, <br> v. <br><br> SEA STAR LINE, LLC, et al., <br><br>                    Defendants. | Case No. 3:12-cv-1181-TJC-32JBT |
| HOME DEPOT, et al., <br><br>                        Plaintiffs, <br> v. <br><br> SEA STAR LINE, LLC, et al., <br><br>                    Defendants. | Case No. 3:12-cv-1183-TJC-32MCR |

**PLAINTIFFS' JOINT RESPONSE IN OPPOSITION
TO DEFENDANT LEONARD SHAPIRO'S
MOTION TO STAY ALL PROCEEDINGS AGAINST HIM**

**SUMMARY OF ARGUMENT**

Defendant Leonard Shapiro's motion for a stay of all proceedings against him because of possible criminal exposure for his role in the Puerto Rico cabotage conspiracy should be denied.  Nearly five years after the Department of Justice's criminal antitrust investigation became public, Mr. Shapiro has not been indicted, and there is no criminal proceeding pending

against him.  Mr. Shapiro's request for a complete and indefinite stay of Plaintiffs' cases as to him because of speculation that he may be indicted in the future should be denied because it is not supported by the facts or the governing law.

Mr. Shapiro's motion is neither rare nor extraordinary.  Courts within the Eleventh Circuit (and elsewhere) consistently deny motions to stay related civil proceedings even where the movant, unlike Mr. Shapiro here, has been indicted.  Mr. Shapiro's motion misstates Eleventh Circuit law by ignoring the requirement that a stay may be granted *only* if the defendant must face "certain loss of the civil proceeding on summary judgment." *Court-Appointed Receiver of Lancer Mgmt. Group, LLC v. Lauer*, No. 05-60584, 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009).

Even under the less strict standards of other circuits whose law he relies upon, Mr. Shapiro would not be entitled to a stay.  Indeed, four years ago Mr. Shapiro sought a similar stay of all proceedings against him in MDL 1960, *In re Puerto Rico Cabotage Antitrust Litigation,* formerly pending in the District of Puerto Rico.  (June 22, 2009 Mot. by Leonard Shapiro for Stay of the Proceedings and Mem. of Law in Support—Docket No. 364 (attached as Ex. 1))  Judge Dominguez denied Mr. Shapiro's motion, stating that "the First Circuit has the rule that even if an indictment comes out I shouldn't stop the

case." Oral Argument Tr. at 30, *Century Packing Corp. v. Horizon Lines, Inc.*, No. 08-1467 (D.P.R. May 4, 2010) (attached as Ex. 2).[1]

In addition, there is no need for a stay here because the only issue facing Mr. Shapiro now is whether or not to join his co-defendants' planned motions to dismiss based on the filed rate doctrine, venue, and jurisdiction due on April 2, 2013.[2] To the extent Mr. Shapiro intends to contest subject-matter jurisdiction through the filed-rate doctrine or personal jurisdiction or venue in this District, he should be required to do so based on the same schedule that the Court has established for all other defendants. *See* 1/24/13 Scheduling Order, Dkt. 68. Mr. Shapiro does not—and cannot—provide a reason for finding that his Fifth Amendment right will be violated by joining in the other defendants' motions to dismiss. Because no Fifth Amendment issue is raised by requiring Mr. Shapiro to join in the motions to dismiss and because it would be highly inefficient to have two rounds of the same motions to dismiss, the Court should require Mr. Shapiro to participate in the motions to dismiss.

---

[1] This memorandum focuses on Mr. Shapiro's present status where he has not been indicted. However, because the same standard applies even if Mr. Shapiro is indicted, he is not entitled to a stay of all proceedings as to him even if he is indicted.

[2] At the January 11, 2013 pretrial conference, Mr. Shapiro's counsel declined to state whether Mr. Shapiro intends to contest personal jurisdiction or venue, stating that he "would not like to take a position at this time." *See* 01/11/13 Tr. at 32:4-7.

Finally, Mr. Shapiro's hypothetical concern regarding the Fifth Amendment issue that might be raised if he had to respond to discovery or be deposed in these civil actions is premature and wholly speculative. Indeed, under the Court's recently set schedule, discovery in these cases will not even begin until after the June 27, 2013 hearing, and Mr. Shapiro concedes that the criminal statute of limitations expires more than two months earlier, on April 18, 2013. Therefore, Mr. Shapiro's argument that there is a conflict between his discovery responses and his potential criminal liability is premature.

## STANDARD OF REVIEW

This Court has discretion to grant or deny a motion to stay. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). But "[t]he mere existence of parallel criminal and civil proceedings does not compel a stay of the civil proceeding." *Coquina Invs v. Rothstein*, No. 10-60786, 2011 WL 2530945, at *1 (S.D. Fla. Jun. 24, 2011). "[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require 'in the interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994).

The Eleventh Circuit case law on stays of civil litigation because of a defendant's Fifth Amendment concerns contrasts sharply with the standard in other circuits. "[T]he standard set by the Eleventh Circuit as to when a stay should be granted to prevent unconstitutional infringement is more

narrow." *Court-Appointed Receiver of Lancer Mgmt. Group*, No. 05-60584 at *2. "The law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue." *Id.* "Under this standard, [m]ovants must show that invocation of the privilege in the instant matter will result in *certain loss* by *automatic summary judgment*." *Id.* (emphasis added). "This must be an actual adverse judgment, and not 'merely the loss of the defendant's most 'effective defense.'" *Id.*

Moreover, even if denial of a stay would cause Mr. Shapiro's certain loss of these civil proceedings on summary judgment, a standard Mr. Shapiro has not even attempted to meet, courts in this Circuit nevertheless may deny a stay unless there are "special circumstances" as determined by the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Coquina Invs.*, 2011 WL 2530945, at *1; *Love v. City of Lanett*, No. 3:09-cv-622, 2009 WL 2525371, at *1 (M.D. Ala. Aug. 17, 2009).

## ARGUMENT

Mr. Shapiro asserts that he is a target of the criminal investigation made public on April 17, 2008, but he has not shown that he has received a formal notification, in the form of a target letter or otherwise, that he is a target of that investigation.  The fact that Mr. Shapiro has never received a target letter or provided this Court with evidence that an indictment is imminent nearly five years after the investigation was made public weighs against granting his motion to stay.  *See Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 79 (1st Cir. 2004) (finding that where a defendant furnished the court with *no indication* that an indictment was imminent lessened the Fifth Amendment concerns).  The First Circuit stated that defendants weakened their case by not providing the court with any information related to the expected duration of the criminal proceeding, when the investigation started, or "any other facts that might tend to suggest that an indictment was more than a *remote possibility*."  *Id.* (emphasis added).

Even more importantly, however, Mr. Shapiro has not been indicted and is not a defendant in any pending criminal case.  Mr. Shapiro has not provided any reason, much less a compelling one, why a stay is needed now. He cannot establish, as the Eleventh Circuit requires for a stay, that he must invoke his Fifth Amendment now and doing so would cause "certain loss" on summary judgment in this suit.  But even if Mr. Shapiro could establish "certain loss," application of the "special circumstances" factors demonstrates why his motion for such extraordinary relief must be denied.

**I.    Mr. Shapiro Fails to Show How Invocation of His Fifth Amendment Right Would Cause "Certain Loss" on Summary Judgment.**

The Eleventh Circuit's demanding standard for stay motions is premised on its construction of the Fifth Amendment.   The Constitution relieves Mr. Shapiro of the need to decide whether to assert the Fifth Amendment in this civil case and risk an adverse inference or instead to waive his right to remain silent.  *See United States v. Kordel*, 397 U.S. 1, 11 (1970); *United States v. A Single Family Residence & Real Property Located at 900 Rio Vista Blvd., Ft. Lauderdale*, 803 F.2d 625, 629 n.4 (11th Cir. 1986). Simply put, defendants have "no constitutional right to a stay simply because of a parallel criminal proceeding is in the works."  *Microfinancial v. Premier Holidays Int'l,* 385 F.3d at 77-78; *Shell Oil Co. v. Altina Assocs., Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994).

Courts routinely deny motions to stay civil actions based on the existence of parallel criminal proceedings because the movant cannot show that invocation of his Fifth Amendment right will "automatically" result in "certain loss" at summary judgment.  For example, in *Coquina Investments v. Rothstein*, 2011 WL 2530945, the court denied defendant's request to stay civil proceedings because it "failed to show that [its Vice President's] invocation of the privilege will result in certain loss by automatic summary judgment ... [it] failed to show why it cannot substantiate its defense by using the testimony of other parties, expert testimony, or other evidence."  *Id.* at *2.

Further, a stay made little sense because "[i]t is possible that the Government may never bring any charges against [the Vice President]." *Id.* In *Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359, the Eleventh Circuit affirmed denial of a stay where "[c]laimant provided no explanation as to why she did not use the testimony of her other parties to substantiate her defense." *Id.* at 364. The court affirmed denial of the stay despite the fact the government had "informed Claimant's attorney that Claimant was a target in a criminal investigation weeks before the civil trial began." *Id.* at 365 n.10. And in *Global Aerospace, Inc. v. Platinum Jet Management, LLC*, No. 09-60756, 2009 WL 2589116 (S.D. Fla. Aug. 19, 2009), the court rejected a stay for multiple defendants because they "have not shown that they cannot challenge the Plaintiff's allegations through expert testimony, or other evidence, without exposing Defendants to the risk of incrimination." *Id.* at *2. The court denied these stay motions even though all other defendants in the civil suit already had been indicted and were therefore unavailable to be called as defense witnesses. *Id.*

Despite the well recognized Eleventh Circuit requirement that Mr. Shapiro must show that the invocation of his Fifth Amendment right will "automatically" cause him to lose summary judgment, he completely ignores the issue. His motion should be denied for that reason alone. In any event, Mr. Shapiro will have available evidence from other witnesses, documents, and experts to defend himself in this case. Moreover, his motion is

premature because for the next several months the parties and the Court will address jurisdictional, venue, and threshold legal issues such as the filed-rate doctrine affirmative defense.  Discovery will not begin until those preliminary issues are resolved.  *E.g.*, *Love v. City of Lanett*, 2009 WL 2525371, at *2 (motion for stay premature where concerns are "speculative" and "hypothetical" and parties have not yet engaged in discovery); *Court-Appointed Receiver of Lancer Mgmt. Group v. Lauer*, 2009 WL 800144, at *2 (motion for stay premature "because Movants have not yet asserted the privilege in response to discovery").

Ignoring the controlling Eleventh Circuit strict decisions, Mr. Shapiro relies on a handful of district court decisions in this Circuit that either support denial of his stay motion or are clearly distinguishable from the circumstances here.  In *Scheuerman v. City of Huntsville, Alabama*, 373 F. Supp. 2d 1251, 1258 (N.D. Ala. 2005), the court *denied* defendant's motion to stay despite his concern that he would be forced to assert his Fifth Amendment right in response to discovery requests.  Likewise, in *NCI Group, Inc. v. Cannon Services, Inc.*, No. 1:09-CV-0441, 2009 WL 2411145, at *21 (N.D. Ga. Aug. 4, 1999) (Mot. at 9, 13), plaintiffs *stipulated* with defendants to stay discovery for 90 days, and the court concluded that it would grant the stay even though the defendant had not demonstrated the required "special circumstances."  Similarly, in *Valdez v. Rodriguez*, No. 10-24416, 2011 U.S. Dist. LEXIS 47818, at *1 (S.D. Fla. Apr. 18, 2011), an unpublished summary

opinion, the court granted a stay requested by defendants based on the *plaintiff's* pending criminal case, where the plaintiff was indicted and heading to trial, because the outcome of the criminal proceeding could establish the defense to plaintiff's civil claim.

Mr. Shapiro misstates the holding in *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298 (N.D. Ala. 2003), which supports the denial of Mr. Shapiro's stay motion. *Healthsouth* was a civil action the SEC brought to freeze certain assets of Healthsouth's former chief executive, Richard Scrushy. *Id.* at 1301. At the same time the SEC brought the civil proceeding against Scrushy, the DOJ already had indicted and entered into plea deals with other Healthsouth executives. *Id.* at 1316 n.36. Scrushy's indictment was considered imminent, and Scrushy argued that the DOJ was using the SEC civil proceeding to gather evidence to use in its eventual criminal proceeding against him. The court agreed, and for that reason granted the stay motion. *Id.* at 1325-26. The court also held that a stay was appropriate because Scrushy could not defend himself until the recently convicted witnesses had been sentenced, *id.* at 1325, and because the asset freeze lawsuit would, as the SEC admitted, require Scrushy to testify. *Id.* at 1330. By contrast, in this case, Mr. Shapiro does not contend that the DOJ is using this private opt-out action to gather evidence against him for a criminal proceeding. Unlike the witnesses in *Healthsouth*, almost all of Shapiro's co-conspirators already have been sentenced and are therefore available to testify. And Mr.

Shapiro has made no showing that he must testify in order to defend himself in the civil suit.[3]

Under the governing Eleventh Circuit case law, the Court should deny Mr. Shapiro's request for a stay because he has not shown that the assertion of his Fifth Amendment right would automatically cause certain loss on summary judgment.  Indeed, at this point, Mr. Shapiro's concerns are based entirely on hypothetical assertions of privilege that he may make during discovery, which will not begin for several months after the motions to dismiss are briefed and decided and *after* the criminal statute of limitations has expired.

## II.    The Special Circumstances Factors Support Denial of the Stay.

Courts in the Eleventh Circuit consistently resolve whether to grant a motion to stay a civil case because of pending parallel criminal proceedings under the strict "certain loss" standard described above which Mr. Shapiro has not acknowledged, much less satisfied.  Nevertheless, even if Mr. Shapiro could satisfy the "certain loss" standard here, which he cannot do, courts also may evaluate certain additional factors to determine whether there are "special circumstances" that support a stay.  For the reasons stated below,

---

[3] Similarly, *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995), does not support Mr. Shapiro's stay motion.  In that case the court weighed the plaintiffs' and defendants' conflicting interests raised by the defendants' stay motion and concluded that a plaintiff's interest in an expeditious resolution of its case can be trumped by a moving defendant's Fifth Amendment considerations *only if* the defendant would otherwise "effectively   forfeit [ ] the civil case."  *See id.* at 1140.

there are no "special circumstances" that warrant the indefinite and premature stay Mr. Shapiro seeks here.

> **A.** **The lack of an indictment against Mr. Shapiro nearly five years after public disclosure of the DOJ investigation supports denying the stay.**

The fact that Mr. Shapiro has not been indicted during the nearly five years since the DOJ's investigation was publicly disclosed weighs heavily against a stay. *See Microfinancial v. Premier Holidays Int'l,* 385 F.3d at 79 (denying motion to stay proceedings and describing such a stay as "extraordinary relief"); *SEC* v. *Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) (holding that where an indictment has not been returned, it presents a far weaker case for granting a stay); *Coquina Invs.* v. *Rothstein*, 2011 WL 2530945, at *2 (citation omitted) ("[C]ourts generally require that an indictment be issued before they will grant a stay."); *In re Plastic Additives Antitrust Litig.*, No. Civ. A. 03-2038, 2004 WL 2743591, at *5 (E.D. Pa. Nov.29, 2004) (denying stay of merits discovery and describing stay as an "extraordinary remedy").

Two of the cases cited by Mr. Shapiro actually hold that a stay without an indictment is disfavored. *Volmar Distrib., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (the "strongest case" for a stay is where a party is under indictment); *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d at 1327 ("[A] stay in a civil proceeding when no indictment has yet issued in the criminal proceeding is rare.").

**B.**   **Plaintiffs have a high degree of interest in expeditious resolution of the civil suit and would suffer prejudice from continued delay.**

During the nearly five years since the criminal investigation became public, there has been no formal civil discovery enabling plaintiffs to obtain relevant information from Mr. Shapiro or any other conspirator. Consequently, a stay of all proceedings as to Mr. Shapiro that is "unrestricted in scope will certainly prejudice [plaintiffs] by risking the loss of documents, the fading of witnesses' memories, and the deterioration of [defendants'] financial resources available for any judgment obtained by [plaintiffs]." *Avalonbay Communities, Inc. v. San Jose Water Conserv. Corp.*, No. 07-306, 2007 WL 2481291, at *4 (E.D. Va. Aug. 27, 2007), *aff'd Avalonbay Communities, Inc. v. San Jose Water Conserv. Corp.*, 325 F. App'x 217 (4th Cir. 2009).   Mr. Shapiro has no basis to seek an extraordinary and burdensome halt of discovery because his speculative Fifth Amendment concern does not outweigh plaintiffs' right to have their case proceed without undue delay.[4]

---

[4] In the *Williford* case cited by Mr. Shapiro (Mot. at 8), the requested stay was denied because the Fourth Circuit found that the "human aspects" present in that litigation (declining health of a plaintiff harmed by asbestos) weighed against staying the proceedings while bankruptcy actions concluded. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127-28 (4th Cir. 1983).   The *Williford* analysis requires that the circumstances presented by the party seeking the stay must outweigh the harm to the party whose civil claim will be stayed. *See id.* at 127.

C.   **Mr. Shapiro will suffer minimal burden from continuing to participate in the civil litigation.**

Because there are no pending criminal proceedings against him, there are no burdens on Mr. Shapiro that weigh in favor of granting a stay.  "As criminal proceedings are currently not pending against any of the defendants, these defendants are not encumbered with the burden of developing simultaneously both criminal and civil defenses." *In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 360 (D. Md. 1981).  In *Mid-Atlantic Toyota*, a case relied upon by Mr. Shapiro (Mot. at 9), the court denied a similar request for a stay as "plainly inappropriate" because, as here, (1) the government was not a party to the civil proceedings, and (2) there are no pending criminal proceedings (no indictment) against the defendant.  *Id.* at 359.

The fact that Plaintiffs in this action are private parties also weighs heavily against Mr. Shapiro's request for a stay.  "Much of the case law involving motions to stay civil proceedings until the completion of criminal proceedings concerns the cases where the government is opposing the same private party."  *Avalonbay*, 2007 WL 2481291 at * 2 (citation omitted).  The concern in such a case is that "the government will purposefully initiate parallel civil and criminal proceedings to (1) use the more liberal civil discovery rules to gain information for the corresponding criminal trial that would normally be restricted under criminal discovery rules and (2) to gain

advantage in the civil trial by forcing parties to choose between exposing themselves to criminal prosecution by testifying or asserting the Fifth Amendment and, thereby damaging their civil defense." *Id.* No such dilemma exists here because the Government is not a party in Plaintiffs' actions.

There is no support for Mr. Shapiro's claim that his "Fifth Amendment right" is "more important" than Plaintiffs' interest in pursuing their claims against him. (Mot. at 16.) Mr. Shapiro's "constitutional right" is fully and adequately protected by the Federal Rules of Civil Procedure. "Since Rule 26(b)(1) provides that discovery may only be had of 'nonprivileged' matter, the discovery rules cannot reach information that is protected by the privilege against self-incrimination." Charles Alan Wright, Arthur R. Miller, et al., 8 FED. PRAC. & PROC. CIV. 3d § 2018 (2010); *see also Shell Oil Co.*, 866 F. Supp. at 540 ("Defendants may exercise their Fifth Amendment rights by not presenting evidence which would implicate them in their criminal proceedings."). If Mr. Shapiro believes that his response to a particular discovery request (at some uncertain future date) would affect his Fifth Amendment rights, he can assert his privilege.

## D. Courts have a strong interest in expeditious and non-piecemeal resolution of this dispute.

Mr. Shapiro's situation is neither rare nor extraordinary and does not warrant a rare and extraordinary remedy. Criminal antitrust investigations nearly always generate civil suits once victims learn they have been injured

by a previously secret, illegal conspiracy.  If the mere existence of a criminal investigation were enough to bar discovery from some defendants and force plaintiffs to proceed against other defendants in piecemeal fashion, civil antitrust litigation would become much more complicated, time-consuming, and costly.

In this case, Mr. Shapiro's request for an indefinite stay as to all proceedings against him would plainly result in inefficient, piecemeal litigation.  Such a result would be inordinately inconvenient and expensive for all concerned.  In *Avalonbay*, the court recognized the strong judicial policy of "expeditious resolution of cases" and found that this policy weighed against granting a stay.  2007 WL 2481291 at *4.  Likewise, Mr. Shapiro's requested stay will impede the expeditious resolution of this matter.[5]

**E.    The public interest is best served by denying the stay.**

Mr. Shapiro's requested stay would not further the public interest. Because Mr. Shapiro will have the opportunity to assert his Fifth Amendment privilege in this current litigation at the appropriate time, a stay is not supported by a public policy protecting that privilege.  When weighed against the public's interest in litigating this matter expeditiously, Mr. Shapiro's requested stay clearly "is not in the public interest [because it

---

[5] Some courts have considered the convenience factor to refer to the "attempts of courts to avoid wherever possible duplicative judicial effort."  *Mid-Atlantic Toyota*, 92 F.R.D. at 360.  Where, as here, no criminal charges have been filed against a civil defendant, there can be no duplicative judicial effort to avoid. *See id.*

would] require plaintiffs to wait for their day in court for an undefined time period because a defendant *may or may not* face criminal prosecution *in the future*." *Avalonbay*, 2007 WL 2481291 at *4 (emphasis added). Therefore, public policy considerations weigh against Mr. Shapiro's motion for a stay of all proceedings against him.

## CONCLUSION

Mr. Shapiro's motion for a stay of all proceedings against him is unwarranted by the facts, unfounded in law, and should be denied.

/s/ David C. Eddy*
David C. Eddy (Admitted *Pro Hac Vice*)
Marguerite S. Willis
Florida Bar No. 188950
Dennis J. Lynch (Admitted *Pro Hac Vice*)
Travis C. Wheeler (Admitted *Pro Hac Vice*)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, South Carolina  29202
Telephone:   803.771.8900
Facsimile:    803.253.8277
Email: deddy@nexsenpruet.com
Email: mwillis@nexsenpruet.com
Email: dlynch@nexsenpruet.com
Email: twheeler@nexsenpruet.com

Charles P. Pillans, III
Florida Bar No. 0100066
BEDELL, DITTMAR, DeVAULT,
    PILLANS & COXE, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL 32202
Telephone:   904.353.0211
Facsimile:    904.353.9307
Email: cpp@bedellfirm.com

**Counsel for Arrowpac Plaintiffs**

/s/ John F. Kinney*
John C. Taylor, Jr.
Florida Bar No. 125100
Latasha A. Garrison-Fullwood
Florida Bar No. 180602
TAYLOR, DAY, GRIMM, BOYD & JOHNSON
Bank of America Tower
50 North Laura Street, Suite 3500
Jacksonville, FL 32202
Telephone:   904.356.0700
Facsimile:   904.356.3224
Email: JCT@taylordaylaw.com
Email: LGF@taylordaylaw.com

John F. Kinney (Admitted *Pro Hac Vice*)
James T. Malysiak (Admitted *Pro Hac Vice*)
Richard P. Campbell (Admitted *Pro Hac Vice*)
Shaun M. Van Horn (Admitted *Pro Hac Vice*)
Stephen R. Brown (Admitted *Pro Hac Vice*)
JENNER & BLOCK, LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone:   312.222.9350
Facsimile:   312.527.0484
Email: Jkinney@jenner.com
Email: Jmalysiak@jenner.com
Email: Rcampbell@jenner.com
Email: Svanhorn@jenner.com
Email: Stephenbrown@jenner.com

**Counsel for Mondelēz International Plaintiffs**

/s/ W. Bard Brockman*
W. Bard Brockman
Florida Bar No. 0868817
G. Patrick Watson (Admitted *Pro Hac Vice*)
Lindsay Jaclyn Sklar
BRYAN CAVE LLP
One Atlantic Center – 14th Fl.
1201 W. Peachtree St. NW
Atlanta, GA 30309
Telephone:   404.572.6600
Facsimile:     404.572.6999
Email: Bard.Brockman@bryancave.com
Email: Patrick.Watson@bryancave.com
Email:   Lindsay.Sklar@bryancave.com

**Counsel for Home Depot Plaintiffs**

February 15, 2013

*Counsel have authorized use of
their electronic signatures