**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| ARROWPAC INCORPORATED, et al., ) | |
| Plaintiffs, ) | |
| v.                                             ) | CASE NO.  3:12-cv-1180-J-32JBT |
| SEA STAR LINE, LLC, SALTCHUK ) RESOURCES, INC., TOTEM OCEAN TRAILER EXPRESS, INC. and       ) LEONARD SHAPIRO, ) | |
| Defendants.                      ) | |

**DEFENDANTS' RESPONSE AND INCORPORATED
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE A REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

Pursuant to Local Rule 3.01, Defendants, Sea Star Line, LLC, Saltchuk Resources, Inc. ("Saltchuk"), and Totem Ocean Trailer Express, Inc. ("Totem"), submit this response in opposition to Plaintiffs' motion for leave to file a reply (ECF No. 128) concerning Plaintiffs' motion to compel (ECF No. 120) the production of documents produced to or seized by the U.S. Department of Justice ("DOJ") from various parties. For the following reasons, Plaintiffs' motion should be denied.

**Memorandum of Law**

The Court provided specific instructions concerning Plaintiffs' motion to compel at the November 25, 2013 hearing on the Defendants' motions to dismiss the Complaint. The Court said there would be a motion to compel, a response to that motion, and a prompt ruling.  (See ECF No. 115 at pg. 125, line 12 to pg. 126, line 23).  No reference was made to a potential reply, and the Court's instructions implicitly preclude a reply.

Even if a reply were consistent with the Court's discussion, Plaintiffs have not complied with Local Rule 3.01(a) because they failed to include a memorandum of law with their motion for leave to file a reply. Plaintiffs have also failed to comply with Local Rule 3.01(d) because they did not specify the length of their proposed reply.

"While parties may ask for leave to file a reply, they must show good cause." McDonald v. United States, 3:13-CV-168-J-37MCR, 2013 WL 3901871 at n3 (M.D. Fla. July 29, 2013). Plaintiffs have not met this burden.

Plaintiffs' amended motion for leave to file a reply (ECF No. 128) shows Plaintiffs will argue that, because the Defendants jointly served broad requests for production on the Plaintiffs,[1] none of the Defendants can complain about the scope of the documents produced to or seized by the DOJ (and Saltchuk and Totem should therefore produce documents regarding Alaskan cabotage that are not pertinent to this case). But this argument is not helpful because the parties' agreed discovery plan *required* that requests for production be jointly issued (ECF No. 114 at pg. 4); Defendants' requests for production only concern Puerto Rican cabotage; and the contributions to those requests from Saltchuk and Totem are particularly narrow and specifically-tailored to Puerto Rican cabotage. If Plaintiffs believe Defendants have requested documents that do not pertain to Puerto Rican cabotage, Plaintiffs should simply object to the production of those documents, as Defendants have done. Accordingly, the circumstances have not changed so as to necessitate a reply, particularly where the reply will rehash arguments the Plaintiffs have already made to this Court.

---

[1] The exchange of requests for production is the only possible "relevant development in discovery," as referenced by Plaintiffs in their amended motion for leave to file a reply.

2

With respect to Totem, Plaintiffs' motion (ECF No. 128) shows that Plaintiffs intend to quote generalized statements from the Court about the scope of discovery. But those statements must be read in the context of the Court's unique treatment of Totem with respect to personal jurisdiction and the plausibility of Plaintiffs' claims against Totem.[2] Totem cited and quoted the November 25, 2013 hearing transcript and attached portions of the transcript to its response. (ECF No. 125, Ex. 1). The entire transcript is available if the Court needs to refer to it (ECF No. 115), so there is no need to hear further *argument* from the Plaintiffs on what the Court said or meant. Plaintiffs already had an opportunity to make those arguments in their motion to compel, and any attempt to reargue those points is unnecessary.

Local Rule 3.01(c) generally prohibits the filing of a reply brief. Plaintiffs have not alleged any circumstances justifying an exception to this rule, and their proposed submission would not assist the Court in resolving the issues raised in their motion to compel. Consequently, their motion for leave to file a reply should be denied and this matter should be resolved based upon the filings that are currently before the Court.

---

[2] Totem is in a unique situation, in that personal jurisdiction has not been established with respect to Totem, and the Court has authorized Totem to move for the dismissal of Plaintiffs' Amended Complaint (ECF No. 129). (See ECF No. 125 at pgs. 3-4 and the referenced hearing transcript (ECF No. 115)). Moreover, Totem ships exclusively in the Pacific, and this case only concerns Puerto Rican cabotage. For these reasons, among others discussed in Totem's response to the motion to compel (ECF No. 125), Totem has agreed to produce only documents concerning the Totem agents identified in the Complaint and Puerto Rican cabotage, so that Plaintiffs can evaluate their personal jurisdiction arguments. Totem has not agreed to produce documents concerning its Alaskan cabotage business because those documents do not concern Puerto Rico or the Plaintiffs' claims in this lawsuit. Plaintiffs requested leave to conduct limited personal jurisdiction discovery if the Court had doubts about personal jurisdiction over Totem. (ECF No. 101, pg. 28). The Court expressed such doubts at the November 25, 2013 hearing on the motions to dismiss. (See ECF No. 125 at pgs. 3-4). Nevertheless, Plaintiffs are now dissatisfied with the very outcome they requested.

| TANNER BISHOP | GUNSTER, YOAKLEY & STEWART, P.A. |
|---|---|
| By _/s/ Michael G. Tanner_ *<br>    Michael G. Tanner<br>    Gilbert L. Feltel, Jr.<br><br>Florida Bar Number 261300<br>Florida Bar Number 993603<br>One Independent Drive, Suite 1700<br>Jacksonville, Florida  32202<br>(904) 446-2980<br>(904) 598-0395 (facsimile)<br>mtanner@tannerbishoplaw.com<br>gfeltel@tannerbishoplaw.com<br><br>Attorneys for Sea Star Line, LLC | By _/s/ David M. Wells_ *<br>    David M. Wells<br>    William E. Adams, Jr.<br><br>Florida Bar Number 309291<br>Florida Bar Number 0467080<br>225 Water Street, Suite 1750<br>Jacksonville, Florida  32202<br>(904) 354-1980<br>(904) 354-2170 (facsimile)<br>dwells@gunster.com<br>badams@gunster.com<br><br>Attorneys for Saltchuk Resources, Inc. |
| SULLIVAN & CROMWELL | SMITH HULSEY & BUSEY |
| By _/s/ Steven L. Holley_ *<br>    Steven L. Holley<br><br>Admitted _pro hac vice_<br><br>125 Broad Street<br>New York, New York 10004<br>(212) 558-4737<br>holleys@sullcrom.com<br><br>Attorneys for Saltchuk Resources, Inc. | By _/s/ Lanny Russell_<br>    Lanny Russell<br>    Jonathan R. Huffman<br><br>Florida Bar Number 303097<br>Florida Bar Number 56047<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>lrussell@smithhulsey.com<br>jhuffman@smithhulsey.com<br><br>Attorneys for Totem Ocean Trailer Express, Inc. |

\* Counsel has authorized the use of their electronic signature

## Certificate of Service

I certify that on January 14, 2014, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to the counsel of record.

*/s/ Lanny Russell*
Attorney

00857657.DOCX