UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ARROWPAC INCORPORATED et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>SEA STAR LINE, LLC et al.,<br><br>           Defendants. | No. 12-CV-1180-J-34BT |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE UNITED STATES TO INTERVENE AND FOR A TEMPORARY LIMITED STAY OF CERTAIN DISCOVERY

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |
|---|---|
| ARROWPAC INCORPORATED et al. ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> SEA STAR LINE, LLC et al. ) <br> ) <br> Defendants. ) <br> ) | No. 12-CV-1180-J-34BT |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE UNITED
STATES TO INTERVENE AND FOR A TEMPORARY LIMITED STAY OF
CERTAIN DISCOVERY**

### I. INTRODUCTION

The United States of America, through the Antitrust Division of the United States Department of Justice ("the Antitrust Division" or "the government"), submits this memorandum of law in support of its motion to intervene in the above-captioned civil matter for the limited purpose of staying certain discovery. The government submits that the integrity of its pending closely-related criminal trial may be seriously compromised if the Court does not enter a temporary and limited stay of certain discovery, specifically: (1) all discovery from the Antitrust Division and the investigative agencies assisting in the Puerto Rico freight services investigation, which are the Federal Bureau of Investigation, the Department of Transportation and the Department of Defense; and (2) depositions of, and individual document discovery requests on, certain individuals, contingent on the Antitrust Division's approval or agreement as to depositions and/or

1

document discovery on specific individuals, until the conclusion of the closely-related pending criminal trial, *United States v. Thomas Farmer*, 13-CR-162 (D.P.R.)(DRD).

The government does not seek a broad stay on all discovery. Rather, the proposed stay is narrowly-tailored and limited in both time and scope. The government merely seeks to protect its interests and ensure the scheduled criminal trial proceeds unhindered. Because there are common coconspirators who participated in the Puerto-Rican freight shipping conspiracy charged in the pending *Farmer* prosecution and the civil matter, as well as potential common trial witnesses, a limited stay of discovery is necessary in this case to preserve the integrity of the criminal proceeding. Moreover, the interests of the private parties will not be affected and a stay could promote judicial economy.

The public has a compelling interest in the unimpeded prosecution of the overlapping criminal matter. The government therefore respectfully requests that the Court: (1) permit the government to intervene pursuant to Federal Rule of Civil Procedure 24, and (2) order, pursuant to the Court's inherent power, that certain discovery in the civil case be stayed until the conclusion of the closely-related criminal trial.

## II.   STATEMENT OF FACTS

The Puerto Rico freight services investigation became public knowledge in April 2008, after the Federal Bureau of Investigation executed search warrants on a number of coastal freight carriers, including, among others, subsequent criminal defendants Horizon Lines LLC, Sea Star Line LLC and Crowley Liner Services, Incorporated. Shortly thereafter, civil plaintiffs filed a series of lawsuits, including the instant case, alleging

price fixing and other antitrust violations against coastal freight carriers, including the aforenamed defendants.

To date, four shipping company executives and three shipping companies that were subjects of this investigation have pled guilty for their roles in a conspiracy to rig bids, fix prices, and allocate market shares for customers transporting goods between the continental United States and Puerto Rico by ocean vessel. A fifth shipping executive pleaded guilty to a one-count felony obstruction of justice charge. That obstruction of justice charge relates to the same price-fixing conspiracy. On January 29, 2013 Frank Peake, the former president of defendant Sea Star, was convicted of participating in a conspiracy to fix rates and surcharges to ship freight between the continental United States and Puerto Rico. On March 21, 2013, Thomas Farmer was indicted on charges of fixing rates and surcharges for transporting freight between the continental United States and Puerto Rico by ocean vessel. Farmer's criminal trial is scheduled to begin as early as November 3, 2014 in the District of Puerto Rico and is estimated to take approximately 3 to 4 weeks.

On August 7, 2014 defendants served a subpoena on the Antitrust Division demanding production of "all statements made by any Person in response to interrogation by a government agent in connection with the Puerto Rican Cabotage Investigation [and] all statements made by any witness that relates to the subject matter of the Puerto Rican Cabotage investigation." In its response to defendants dated August 20, 2014, the government contested the validity of the subpoena and asserted objections, including vagueness, the law-enforcement privilege, and grand jury secrecy.

## ARGUMENT

### A. Intervention is Appropriate Under Fed. R. Civ. P. 24.

Under Rule 24(a) of the Federal Rule of Civil Procedure, anyone may intervene as of right in an action when that party "claims an interest related to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Fed R. Civ. Proc. 24(a)(2). In addition, Rule 24(b)(2) permits intervention "when [the] applicant's claim or defense and the main action have a question of law and fact in common." Intervention is warranted here under both Rule 24(a) and Rule 24(b).

Federal courts routinely grant motions made by prosecuting authorities to intervene in civil actions for the limited purpose of seeking a stay of discovery. *See, e.g., In re: Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 U.S. Dist. LEXIS 113796, at \*48 (D. Kan. Oct. 21, 2010) (collecting cases); *In re Flash Memory Antitrust Litig.*, 2007 WL 3119612, at \*1 (N.D. Cal.) (citing cases). Intervention is appropriate under either Rule 24(a) or 24(b) where the government seeks to stay civil discovery pending completion of a related criminal investigation. *See Philip Morris, Inc. v. Heinrich*, 1996 WL 363156 at \*18-19 (S.D.N.Y. June 28, 1996) ("a district court does not abuse its discretion in allowing intervention under either of the provisions of Rule 24"). In addition, "[c]ourts that have addressed a motion to intervene for the limited purpose of seeking a stay in a civil action filed on behalf of the United States have allowed intervention where the civil action shares the same common questions of fact as a parallel

4

criminal proceeding." *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 529 (S.D.W. Va. 2005) (*citing Bureeerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996).

Here, as in the cases cited above, intervention is appropriate under both sections of Rule 24. The government has a compelling interest in protecting the integrity of its criminal investigations and prosecutions by preventing evidence related to its upcoming criminal trial from being disclosed prematurely or inappropriately, including the identity of potential trial witnesses and potential area of trial testimony. In addition, there are common questions of law and fact in the criminal and civil actions.

Finally, the government's intervention for the limited purpose of seeking a stay of the proceedings will not prejudice any party's rights. The government seeks only a stay until the completion of the criminal trial and its intervention will not alter the parties' respective positions. In fact, the criminal prosecution may benefit the civil parties by bringing out facts relevant to the civil case and streamlining the ensuing litigation. Accordingly, this Court should permit the government to intervene.

### B. The Court Has Wide Discretion to Stay Civil Proceedings Where There is a Parallel Criminal Investigation

District courts have discretion to stay proceedings pursuant to its inherent power to control its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Trujillo v. Conover & Co. Communs, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (*citing Clinton v. Jones*, 520 U.S. 681 (1997)).

A stay of certain discovery in a civil case is particularly appropriate where, as here, a criminal indictment has been filed. *Twenty First Century Corp.*, 801 F. Supp. 1007, 1011 (S.D.N.Y. 1992) ('courts are more likely to grant [a stay of civil discovery] when an indictment has already been issued."). Pursuant to this discretionary authority,

courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. *See SEC v. Dressler*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (*en banc*). The need for a stay or a partial stay of parallel civil proceedings arises from the fundamental differences between civil and criminal proceedings and the compelling public interest in facilitating enforcement of the criminal laws. As the Fifth Circuit explained in *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962):

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.
> *Id.* at 487.

### 1. Overlap of the Criminal Matter and this Civil Case

Districts courts should grant stays of civil discovery during a criminal investigation when the interests of justice require such action. *See In re Rothstein Rosenfeldt Alder, P.A.*, 2011 WL 2620187 at *2-3 (S.D. Fla. July 1, 2011). The most significant issue for a court to assess in determining whether to grant a stay of discovery is the degree of overlap between the civil and criminal cases. *See Volmar Dist., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (*quoting* Judge Milton Pollack, *Parellel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y.)). Judge Pollack noted that, if the threshold issue of overlap is established, the effect on the public interest is "perhaps the most important factor in the equation, albeit the one hardest to define." *Parallel Civil and Criminal Proceedings*, 129 F.R.D. at 205.

It is indisputable that this civil matter is an outgrowth of the government's criminal investigation and the resulting corporate and individual plea agreements. Indeed,

the gravamen of plaintiff's amended civil complaint filed on January 10, 2014 recounts in great detail the government's investigation into anticompetitive activities, the subsequent charges, the conduct identified in the public plea agreements, and the guilty pleas entered by corporate and individual defendants as well as testimony from a related criminal trial. (*See* paragraphs 1, 4, 24, 29, 30, 35, 93 – 116). Moreover, there are common coconspirators who participated in the Puerto-Rican freight shipping conspiracy charged in the pending *Farmer* prosecution and the civil matter, as well as potential common trial witnesses, that compel a finding that the overlap between the criminal and the civil cases creates an enormous potential for the civil case to interfere with the criminal prosecution.

2. **Balancing the Public Interest, the Interests of the Plaintiffs and Defendants and the Impact of the Court Favors a Temporary Stay of Certain Discovery**

In addition to determining the extent of overlap between the criminal and civil case, a court "must balance the competing interests of the litigants, non-parties, the public interest and the convenience of the courts." *Philip Morris, Inc.*, 1996 WL 363156 at *19 (*citing Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992)); *see also SEC v. Nicholas* 569 F. Supp. 2d 1065, 1069 (C.D. Cal. 2008) (*citing Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (listing factors)).

Among the factors that have been identified as relevant to this balancing are: (1) the public interest; (2) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed; (3) the private interests of and burden on the defendants; (4) the interests of the courts; and (5) the interests of persons not parties to the civil litigation. *SEC v. Healthsouth*, 261 F.

7

Supp. 2d 1298, 1326 (*citing Keating v. Office of Thrift Superv'n*, 45 F.3d 322, 324-25 (9th Cir. 1995)); *see also Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6 (D. Conn. 2002); *SEC. v. Doody*, 186 F. Supp. 2d 379 (S.D.N.Y. 2002); *White v. Mapco Gas Products, Inc.*, 116 F.R.D. 498 (E.D. Ark 1987). As described below, these factors weigh in favor of granting a stay of civil discovery in this case until the conclusion of the closely-related criminal trial.

### a. The Public Interest Favors Granting a Stay

Numerous federal courts have recognized the public interest in the prosecution of a criminal case is entitled to precedence over a related civil case. *See, e.g., SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1069-71 (C.D. Cal. 2008); *U.S. v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 658 (D.R.I. 1987). Indeed, courts have consistently identified the public interest as the most important factor in considering whether a stay is appropriate. *Campbell v. Eastland*, at 487, Wisdom, J. ("[A] trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities."); *see also McSurely v. McClellan*, 426 F.2d 664 671-72 (D.C. Cir. 1970). Stays of proceedings and discovery in civil actions reflect recognition of the vital interests at stake in a criminal prosecution. *See, e.g., U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution"); *SEC v. Downe*, 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993) ("[W]here a party or witness in a civil case is cooperating with a grand jury

8

investigation relating to the subject matter of the civil suit there is a compelling reason to stay discovery of the civil case pending resolution of the criminal investigation.").

The subpoena the defendants issued to the Antitrust Division is likely to generate litigation, which would interfere with the trial preparation of the prosecution team in *United States v. Farmer*. For example, the subpoena as drafted would call for the production of all grand jury transcripts from the Antitrust Division's Puerto Rico freight service investigation, which are protected from disclosure by Fed. R. Crim. P. 6(e). To obtain grand jury transcripts, the defendants would have to petition for and obtain a court order allowing disclosure "preliminarily to or in connection with a judicial proceeding" upon a showing of particularized need. Fed. R. Crim. P. 6(e)(3)(E)(i). In such litigation, the defendants would have to show that the material sought is "needed to avoid a possible injustice in another judicial proceeding ... the need for disclosure is great than the need for continued secrecy, and [the] request is structured to cover only material so needed." *Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Further, any petition to disclose the matter occurring before the grand jury under this provision could generate proceedings in multiple districts as the petition must be filed in the district of the grand jury, which for this investigation would be the Northern District of Florida and the District of Puerto Rico, pursuant to Fed. R. Crim. P. 6(e)(3)(F). The petition court then must transfer the petition to disclose to the district where the judicial proceeding is pending, "unless the petitioned court can reasonably determine whether disclosure is proper." Fed. R. Crim. P. 6(e)(3)(G). If the petitioned court transfers the petition, however, it still must provide the transferee court "a written evaluation of the need for continue grand-jury secrecy." *Id.* In addition, it is possible that affected grand jury

witnesses may become involved in litigation with the prosecution and defendants over disclosure of their transcripts. *See, e.g., In re: Air Cargo Shipping Services Antitrust Litigation*, 931 F. Supp 2d 458 (E.D.N.Y. 2013). Similarly, documents subpoenaed from the Antitrust Division may be protected by the Privacy Act and may require a court order for production. 5 U.S.C. § 552a(b)(11). Disputes over other subpoenaed documents that are privileged would also likely generate litigation.

Here, public interest in an unhindered investigation into, and prosecution of, a pending criminal matter should be deemed to outweigh the limited interest of the civil parties in taking discovery at this time. Indeed, there has been considerable discovery in this matter. Moreover, the parties have access to trial transcripts of witnesses who testified in *United States v. Peake*, 3:11-cr-00512-JAF (D.P.R.), a related criminal case involving an executive of a co-conspirator. Moreover, it is within the public interest that the government has unfettered access to its potential trial witnesses approximately one month before its trial begins. The investigation in the Puerto Rico freight services industry and resulting prosecutions have taken significant time and consumed public resources. It would be only fair to allow the criminal trial to proceed unhindered. Parties in the civil matter have exchanged deposition lists which include at least 24 separate individuals, many of whom the government expects to call as witnesses in the pending criminal case. Given the current December 16, 2014 discovery deadline date in the civil matter, it is likely depositions will be noticed shortly before or during the criminal trial. It would not be within the public interest to burden the government with accommodating the parties' requests for depositions or otherwise limiting its access to potential witnesses

this close to trial. Only the requested stay of discovery would for the most part eliminate the possibility that such dangers will be realized.

### b. **The Civil Parties Will Not Be Prejudiced by the Proposed Stay**

Other factors the Court should consider in deciding whether to grant a stay of discovery are the interests of the plaintiffs and the defendants, as well as the impact on the Court. Generally, plaintiffs have an interest in promptly resolving a civil claim by gathering information through the discovery process. *See SEC v. Mersky,* 1994 WL 22305 at *3 (E.D. Pa. Jan 25, 1994); *Hugo Key,* 672 F. Supp. at 658. However, in contesting a stay, a plaintiff must establish more prejudice than simply a delay in its right to expeditiously pursue its claim. *See In re Adelphia Commc'ns Secs. Litig.*, 2003 WL 22358819, No. 02-1781, at *4-7 (E.D. Pa. May 13, 2003).

None of the parties to the civil matter oppose the entry of the proposed stay of discovery. This is not surprising, given the significant resources that the parties may stand to save by allowing the criminal trial to proceed unencumbered by the burdens of civil proceedings and discovery. Additionally, a stay of the proceedings would likely streamline discovery for the plaintiff and defendants in the civil case until after the conclusion of the criminal trial. *See Twenty First Century Corp.,* 801 F. Supp. at 1011 (Noting that criminal action "may streamline later civil discovery since the transcripts from the criminal case will be available to the civil parties."). Indeed, parties will have access to the transcripts from witness testimony which may obviate the need to take

depositions from certain witnesses. The plaintiff and the defendants in this case may therefore benefit from, as opposed to be prejudiced by, a stay of certain discovery.[1]

### c. A Limited Stay of Discovery Promotes Judicial Economy and will not Negatively Impact the Court

The Court will not be inconvenienced as a result of the stay. To the contrary, as stated above, the criminal trial may greatly streamline the civil case. A stay of discovery may narrow or eliminate factual issues in this case. *See, e.g., In re Grand Jury Proceedings*, 995 F.2d 1013,1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); *U.S. v. Mellon Bank*, 545 F.2d 869, 873 (3rd Cir. 1976) (affirming a stay of discovery and stating: "it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case."); *Brock v. Tolkow*, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (in granting a stay, noting that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues."). All of this will save the Court's time and resources when the civil proceedings stay is lifted at the conclusion of the closely-related criminal trial.

The government does not seek to unduly impede the civil proceedings. As such, the government's request for a temporary stay of certain discovery has been tailored to be as narrow as possible for a limited period of time. The government is not seeking a blanket stay, but rather seeks to protect the integrity of the criminal matter. We merely ask plaintiffs and defendants to temporarily stay all discovery from the Antitrust Division

---

[1] This potential streamlining of later civil discovery would equally benefit the interests of persons not parties to the civil litigation such as non-party individuals who are subpoenaed.

12

and the agencies that assisted in the closely-related investigation and prosecutions until the completion of the pending criminal trial. In addition, we ask the Court to order the parties to disclose the identity of individuals they seek to depose or to serve document discovery upon to the Antitrust Division for approval as to specific individuals only until the completion of the criminal trial.

In sum, the enormous public interest in permitting charged criminal matters to be resolved without interference from civil litigation, the lack of prejudice to the parties in the civil litigation, and the potential benefit to the Court of permitting the criminal prosecution to move forward unfettered, all support the entry of a temporary, limited stay of certain discovery in the civil case to avoid interference with the criminal prosecution. Accordingly, the government respectfully requests that its motions to intervene and to stay certain discovery in the civil case be granted.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), the government conferred with both plaintiff and defense counsel. Defense counsel stated it had no objection to the relief requested herein. Plaintiffs' counsel also did not oppose the government's motion based on the understanding that the trial *United States v. Farmer* is to occur in November 2014.

Dated: September 29, 2014

Respectfully submitted,

*/s/ Kevin B. Hart*
KEVIN B. HART
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 5th Street, NW, Suite 11300
Washington, DC 20530
Direct Dial: (202) 598-8242
kevin.hart@usdoj.gov

Attorney for the United States of America