## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ARROWPAC INCORPORATED, et al.

      Plaintiffs,

v.                                                                   CASE NO.:     3:12-cv-01180-TJC-JBT

SEA STAR LINE, LLC, SALTCHUK
RESOURCES, INC., TOTEM OCEAN
TRAILER EXPRESS, INC. and
LEONARD SHAPIRO,

      Defendants.

_____/

## PARTIES' JOINT REPORT IN COMPLIANCE WITH
## SEPTEMBER 25, 2014 ORDER

The parties, through their undersigned counsel, hereby report to the Court in compliance with its Order dated September 25, 2014 (the "Order") [Doc. 265] as set forth below.

## I.    REPORT REGARDING MEDIATION

Pursuant to the Order, the parties have conferred in regard to the advisability and timing of further mediation and their respective positions are as follows:

### Plaintiffs' Position

Plaintiffs agree to attend a second mediation session as early as January 2015, at a specific time and location to be agreed upon by the parties.

The parties left the April 8, 2014, mediation in Washington, D.C. with the belief that mediation efforts would continue to involve Professor Eric Green of

Resolutions LLC in Boston, MA. The parties' report to the Court on April 15, 2014 [ECF 157] made no mention of any need to change mediators. On the contrary, the parties stated that "they do believe the mediator can play a role in settlement discussions as the case moves towards trial." Professor Green is a renowned mediator of complex antitrust cases, and he knows this case (including also from mediation of the MDL 1960 class settlements), the parties, their economic consultants, and their positions. Plaintiffs believe Professor Green was and would continue to be effective. However, Plaintiffs remain committed to try to settle this case and, therefore, if Judge Dalton is amenable to mediate the case in January 2015, Plaintiffs will participate.

**Defendants' Position**

Defendants agree to attend a second mediation session to be held as early as January 2015, at a specific time and location to be agreed upon by the parties, and they ask the Court to appoint the **Honorable Roy B. Dalton** to act as mediator if Judge Dalton is willing to undertake the appointment.

Defendants do not believe that the mediator who conducted the parties' unsuccessful April 7, 2014 mediation session was effective and do not believe that further mediation sessions with that mediator are reasonably likely to succeed.

## II.    FURTHER CASE MANAGEMENT DEADLINES

As recited in the conferral certificate in Defendants' response to the Motion for Stay filed herein by the United States Department of Justice [Doc. 289 at 9-10], the parties have conferred regarding further case management deadlines and their report to the Court, as contained therein (and as modified by their further conferrals), is as follows:

1.      Plaintiffs and Defendants' jointly ask the Court to stay all depositions until the stay requested by the United States is lifted.

2.      With the exception of the deadlines addressed in paragraphs 3 and 4, below, Plaintiffs and Defendants jointly ask the Court to cancel all further scheduling deadlines set in the Court's prior case management orders to be reset when the stay requested by the United States is lifted.

3.      Plaintiffs and Defendants jointly ask the Court to cancel the current deadline of November 4, 2014 for the parties to file motions to compel based upon privilege logs and in lieu thereof order the following deadlines:

**November 21, 2014**   The parties shall exchange lists of challenged documents from each other's privilege logs, specifying the bases for each challenge;

**December 12, 2014**   The parties shall complete their conferrals with regard to the challenges; and

**January 5, 2015**        Deadline to file motions to compel.

4.      With respect to the current deadline of December 16, 2014, as it applies to the completion of all written (non-deposition) fact discovery between the parties, the parties' respective positions are as follows:

**Plaintiffs' position**

All case deadlines need to be cancelled and be reset after the close of the trial of former Crowley Liner Vice President Tom Farmer for his role in the conspiracy to fix prices in the Puerto Rico cabotage trade.  United States v. Thomas Farmer, (D.P.R.) 3:13-cr-00162.  The Farmer trial is now scheduled to start on January 26,

2015 in San Juan, Puerto Rico.  The Farmer trial is expected to last at least 4 weeks. (3:13-cr-00162; EF 267).   The current document production, fact discovery, and expert discovery schedules and deadlines in this case (ECF 173 as amended) all should be vacated and reset after this trial.[1]

There is no reason to pick and choose between various forms of fact discovery as Defendants propose.  Written discovery has been a useful tool to address and narrow many fact issues in this case.  Written discovery will continue to be a valuable fact discovery method, particularly during what will be at least a five month stay of deposition discovery.

The deadline for the production of documents—August 11, 2014—likewise needs to be reset to some point after the Farmer trial.  Judge Toomey's September 11, 2014 Order (ECF 254), under appeal by Plaintiffs (ECF 266), could require at least six months of document collection and review by Plaintiffs.  Plaintiffs estimate that the volume of the documents to be collected and reviewed from "before/after" the admitted conspiracy is about 950,000 documents (up from the 550,000 set forth in Plaintiffs' Objections).

**Defendants' position**

The stay requested by the United States necessitates a stay of discovery depositions, but it does not prevent the parties from continuing and completing their written discovery from each other.  It also does not necessitate reviving the already passed deadline of August 11, 2014 to produce documents. Documents to be

---

[1] With the exception of the schedule for challenges to privilege designations, for which the parties' joint proposed schedule is set forth above.

produced after December 16, 2014 pursuant to previously propounded discovery and court orders relating thereto would not be subject to the December 16, 2014 deadline.

5.     After the stay requested by the United States is lifted, the parties shall meet and confer in good faith about the case schedule and may request a Case Management Conference with the Court to discuss case management and scheduling. The parties propose that they file a case management report within 30 days of the expiration of the stay requested by the United States.[2]

Respectfully submitted this 31st day of October, 2014.

NEXSEN PRUET, LLC

By: */s/ David C. Eddy*

David C. Eddy
(admitted pro hac vice)
1230 Main Street, Suite 700
Post Office Drawer 2426
Columbia, South Carolina 29202
(803) 771-8900
deddy@nexsenpruet.com

*Attorneys for Plaintiffs*

BEDELL, DITTMAR, DEVAULT,
PILLANS & COXE, P.A.

By: */s/ Charles P. Pillans III*

Charles P. Pillans III
Florida Bar No. 0100066
101 East Adams Street
Jacksonville, Florida 32202
(904) 353-0211
cpp@bedellfirm.com

*Attorneys for Plaintiffs*

---

[2] The parties propose that they adapt the Court's case management report for Track 2 cases to this Track 3 case.   The report for Track 2 cases is found at http://www.flmd.uscourts.gov/Forms/JgCorrigan/CaseManagementReport-TJC.pdf.   In the event the Court has a form it would prefer for the parties to use for Track 3 cases, the parties would use that form.

TANNER BISHOP

By: /s/ *Michael G. Tanner*
      Michael G. Tanner

Florida Bar No. 261300
Gilbert L. Feltel, Jr.
Florida Bar No. 993603
One Independent Drive, Suite 1700
Jacksonville, FL 32202
(904) 446-2980/(904) 598-0395 (Fax)
mtanner@tannerbishoplaw.com
gfeltel@tannerbishoplaw.com

*Counsel for Defendant Sea Star Line, LLC*

SMITH HULSEY & BUSEY

By: /s/ *E. Lanny Russell*
      E. Lanny Russell

Florida Bar No. 0303097
225 Water Street, Suite 1800
Jacksonville, FL  32202
(904) 359-7798
lrussell@smithhulsey.com

*Counsel for Defendant Totem Ocean Trailer Express, Inc.*

GUNSTER, YOAKLEY & STEWART, P.A.

By: /s/ *David M. Wells*
      David M. Wells

Florida Bar No. 309291
William E. Adams Jr.
Florida Bar No. 467080
225 Water Street, Suite 1750
Jacksonville, FL 32202-5185
(866) 915-7185
dwells@gunster.com
badams@gunster.com

*Counsel for Defendant Saltchuk Resources, Inc.*

SULLIVAN & CROMWELL

By: /s/ *Steven L. Holley*
      Steven L. Holley

125 Broad Street
New York, NY 10004
(212) 558-4737
HolleyS@sullcrom.com

*Counsel for Defendant Saltchuk Resources, Inc.*

MURPHY & ANDERSON, P.A.

By: /s/ *Geddes D. Anderson, Jr.*
      Geddes D. Anderson, Jr.

Florida Bar No. 138894
1501 San Marco Blvd.
Jacksonville, FL 32207
(904) 598-9282
(904) 598-9283 (facsimile)
ganderson@murphyandersonlaw.com

*Attorneys for Leonard Shapiro*

00040943 v.3.docx

6